UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br>   -vs-<br>DOMINGO VALDOVINOS-NAVARRO (1),<br>BENITO BALDOVINOS-MENDOZA (2),<br>JOSEPH WILLIAM GILLESPIE (3),<br>DILLON LEE CASTEEL (4),<br>CHRISTOPHER JOHN-HANDKA<br>TEUSCHER (7),<br><br>               Defendants. | No.   2:14-CR-0134-WFN<br><br>PROTECTIVE ORDER |

      Pending before the Court is the Government's Sealed Motion for Protective Order. ECF No. 168. The Court has reviewed the file and the Government's Motion and is fully informed. Accordingly,

      **IT IS ORDERED** that the Government's Sealed Motion for Protective Order, filed January 7, 2015, **ECF No. 168**, is **GRANTED**; setting forth the following:

      1. The United States will provide discovery materials on an ongoing basis to defense counsel;

      2. Defense counsel may possess but not copy (excluding the production of necessary working copies) the discovery materials, including sealed documents;

      3. Defense counsel may show to, and discuss with, his/her client the discovery material, including sealed documents;

      4. Defense counsel shall not provide original or copies of discovery materials directly to his/her client. "Copies" includes copies of actual discovery, written summaries of discovery, and quotations, including the "copy and paste function," taken from discovery.

PROTECTIVE ORDER - 1

5. Defense counsel shall not otherwise provide original or copies of the discovery material to any other person, including subsequently appointed or retained defense counsel, but excluding any staff of defense counsel or investigator and/or expert engaged by defense counsel, who will also be bound by the terms and conditions of the protective order. If the Discovery is provided to a Court appointed "expert" or investigator under the parameters of this Order, that expert of investigator is subject to this Protective Order and therefore subject to sanctions for violation;

6. Discovery, not including attorney work product, shall be returned to the United States in its totality upon completion of the case. The Court deems the case completed upon final judgment or mandate resulting from direct appeal. The potential for future habeas proceedings does not justify retention of discovery after the completion of the case. In the event of such proceedings, however, discovery may be made available by Court order.

7. The United States and defense counsel may reference the existence and content of sealed discovery material in open and closed court proceedings relevant to 2:14-CR-00134-WFN-7.

8. The parties reserve the right to seek relief from the Protective Order should the need arise.

9. Defense counsel shall inform their client of the potential penalties for violations of this Protective Order contained in Fed. R. Crim. 16(d)(2), and that any violation of this Protective Order may be punished by contempt.

The District Court Executive is directed to file this Order and provide copies to counsel.

**DATED** this 14th day of January, 2015.

01-14-15

           s/ Wm. Fremming Nielsen
           WM. FREMMING NIELSEN
    SENIOR UNITED STATES DISTRICT JUDGE

PROTECTIVE ORDER - 2