FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 17, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br> -vs-<br><br>DOMINGO VALDOVINOS,<br><br>      Defendant. | No. 2:14-CR-0134-WFN-1<br><br>ORDER DENYING § 2255 MOTION |

  Before the Court is Mr. Valdovinos's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. ECF No. 523. The Motion is denied for the reasons stated below.

## BACKGROUND

  Mr. Valdovinos was charged with possession of 50 grams or more of methamphetamine with intent to distribute, conspiracy to distribute 500 grams or more of methamphetamine, and murder in connection with a conspiracy to distribute 500 grams or more of methamphetamine. ECF No. 294. A jury found him guilty on all counts, and the Court sentenced him to life imprisonment. ECF No. 434. Mr. Valdovinos appealed his conviction to the Ninth Circuit, ECF No. 437, and the Ninth Circuit affirmed, ECF No. 478.

## DISCUSSION

  To gain relief, Mr. Valdovinos must establish that (1) he is in custody under a sentence of this federal court; (2) his request for relief was timely; and (3) the court lacked either personal or subject matter jurisdiction, the conviction or sentence is unconstitutional, the conviction or sentence violates federal law, or the sentence or judgment is otherwise open to collateral attack. 28 U.S.C. § 2255. Mr. Valdovinos argues that the Court did not have jurisdiction over his offenses and that U.S.S.G. § 2A1.1, which provides a base level of 43

ORDER - 1

for first degree murder, should not have been used to calculate his guideline sentence. As explained below, Mr. Valdovinos has not established the second or third prong.

**1. Subject Matter Jurisdiction**

Mr. Valdovinos argues the Court lacked jurisdiction over his offenses because "this Court has subject matter jurisdiction only over controversies of a civil nature." ECF No. 523-1 at 8. This argument is plainly incorrect. "The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." 18 U.S.C. § 3231; *see also United States v. Ratigan*, 351 F.3d 957, 962 (9th Cir. 2003). Mr. Valdovinos relies heavily on the concurrence in *Virginia v. Rives*, 100 U.S. 313 (1879), ECF No. 523-1 at 8–13, but that case is not helpful because it concerned removal of a state murder charge to federal court, which is not what happened here. Although Mr. Valdovinos was initially charged with murder under Washington law, he was ultimately charged with, and convicted of, federal crimes—offenses against the laws of the United States. *See* ECF No. 434. Mr. Valdovinos also argues the federal government does not have authority to proscribe his conduct. *Id.* at 23–25. This argument fails because the Ninth Circuit has already decided the statutes are within the commerce power. *United States v. Montes-Zarate*, 552 F.2d 1330, 1331 (9th Cir. 1977); *United States v. Visman*, 919 F.2d 1390, 1393 (9th Cir. 1990). Mr. Valdovinos discusses federal jurisdiction at length, touching on topics like special maritime jurisdiction, territorial jurisdiction, federal enclaves, Indian country, and extraterritoriality. ECF No. 523-1 at 7–40. But those concepts have nothing to do with this case.

**2. U.S.S.G. § 2A1.1**

Mr. Valdovinos argues that U.S.S.G. § 2A1.1should not have been used to calculate his guideline sentence. ECF No. 523-1 at 4–6. This argument fails for several reasons.

First, the argument is not timely. A § 2255 petition must be filed within one year of "the date on which the judgment of conviction becomes final," 28 U.S.C. § 2255, and a judgment of conviction becomes final "when the time for filing a certiorari petition expires," *Clay v. United States*, 537 U.S. 522, 527 (2003). Here, the Ninth Circuit entered its mandate

ORDER - 2

on July 19, 2018, ECF No. 479, and the judgment became final when the time for filing a certiorari petition expired on September 28, 2018, Supreme Court Rule 13(1). The Motion is denied as untimely because Mr. Valdovinos filed it on June 21, 2023. *See* ECF No. 523-1.

Mr. Valdovinos argues the Motion is timely because he is asserting a right first recognized in *United States v. Taylor*, 142 S. Ct. 2015 (2022), which was decided on June 21, 2022. *See* ECF No. 523-1 at 4–5. Mr. Valdovinos's timeliness argument is wrong because *Taylor* is irrelevant to the substance of his Motion. In *Taylor*, the Supreme Court held that an attempted robbery under the Hobbs Act was not a predicate "crime of violence" under 18 U.S.C. § 924(c). 142 S. Ct. at 2020–21. Mr. Valdovinos was not convicted of violating § 924(c) or the Hobbs Act. *See* ECF No. 434. He was convicted of murder in connection with a conspiracy to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. § 848(e)(1)(A). Mr. Valdovinos's claim that U.S.S.G. § 2A1.1 should not have been used to calculate his guideline sentence has nothing to do with *Taylor*.

Second, Mr. Valdovinos's claim is procedurally defaulted because he did not challenge the application of U.S.S.G. § 2A1.1 on direct appeal. ECF No. 523 at 4. Mr. Valdovinos cannot raise his argument for the first time on collateral review unless he demonstrates cause and actual prejudice or that he is actually innocent of the crime of conviction. *See Bousley v. United States*, 523 U.S. 614, 622 (1998). Mr. Valdovinos does not attempt to demonstrate cause or prejudice. And although Mr. Valdovinos uses the phrase "actual innocence," ECF No. 523-1 at 1, he does not argue that he is innocent of the crime of conviction, *id.* at 4–6.

Third, Mr. Valdovinos's claim is meritless. The Court correctly applied U.S.S.G. § 2A1.1 to calculate Mr. Valdovinos's guideline sentence. *See* 21 U.S.C. § 848(e); U.S.S.G. § 2A1.1; ECF Nos. 424, 434.

## CERTIFICATE OF APPEALABILITY

An appeal of this Order may not be taken unless this Court or a circuit justice issues a certificate of appealability finding that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires a showing that

ORDER - 3

"reasonable jurists would find the district Court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Based on the Court's preceding analysis, the Court concludes that reasonable jurists could not differ with the Court's conclusion. Thus, a certificate of appealability should not issue.

The Court has reviewed the file and Motion and is fully informed. Accordingly,

**IT IS ORDERED** that Mr. Valdovinos's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence, filed June 29, 2023, **ECF No. 523**, is **DENIED**.

The District Court Executive is directed to:

- File this Order,
- Provide copies to counsel and *pro se* Movant,
- Inform the Ninth Circuit Court of Appeals that if the Movant files a Notice of Appeal that a certificate of appealability is **DENIED**; **AND**
- **CLOSE** the corresponding civil file, 2:23-CV-0187-WFN.

**DATED** this 17th day of January, 2024.

01-10-24

WM. FREMMING NIELSEN
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 4